1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES L. BOBO,

       Plaintiff,

      v.

TULARE COUNTY DISTRICT
ATTORNEY, et al.,

       Defendants.

Case No. C12-1805-RSL

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding *pro se*, has filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP") in the above-entitled civil action.  Dkt. 1; Dkt. 1-1.  After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED as moot.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

REPORT AND RECOMMENDATION
PAGE - 1

## II.     BACKGROUND

Plaintiff's proposed complaint filed on October 15, 2012 appears to challenge the amount of child support he owes for his two minor children.  Dkt. 1-1 at 3.  Specifically, plaintiff asserts that the Tulare County District Attorney "took 50% of my income for child support" when only King County had a court order directing him to pay child support.  *Id.* at 2. In addition, plaintiff asserts that "the State of Washington District Attorney stop[ped] my passport for child support and send (sic) me [a] child support billing statement," when he should have only received a billing statement from California, where his daughter was born. *Id.* at 3.  Finally, plaintiff asks the Court to determine how much child support is owed for his two children, and requests an award of 1.5 million dollars "for damage over past years."  *Id.* at 4.

## III.     DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. ("FRCP") 8(a)(2).  This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, plaintiff's proposed complaint fails to allege sufficient facts to place any defendant on notice of the nature of plaintiff's claims or otherwise provide any basis for

REPORT AND RECOMMENDATION
PAGE - 2

jurisdiction in this Court.  *See* FRCP 8(a).  Though plaintiff asserts in his proposed complaint that he believes various entities have wronged him in various ways, plaintiff has failed to provide sufficient facts or details to state a cognizable legal claim against any defendant.  Thus, his proposed complaint appears frivolous.  *See* Dkt. 1-1, Att. 1-4.

Moreover, this Court does not appear to have jurisdiction over plaintiff's family law claims.  In the area of family law, the United States Supreme Court has long held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."  *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) (holding that "domestic relations are preeminently matters of state law").  "While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."  *Elk Grove United School District v. Newdow*, 542 U.S. 1, 13 (2004).

Thus, in light of the family law nature of plaintiff's claims, the Court finds that it lacks jurisdiction over plaintiff's proposed complaint.  Plaintiff is advised that any claims pertaining to child support payments are more appropriately filed in state court.

### IV.   CONCLUSION

For all of the foregoing reasons, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice, and that his IFP application, Dkt. 1, be DENIED as moot.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of October, 2012.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3